IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 19-30-RGA |
| BRIAN FLAGG., | : | |
| Defendant. | : | |

MEMORANDUM ORDER

Defendant filed a motion for reconsideration. (D.I. 52). The parties have followed up. (D.I. 55, 58).

Before the motion was filed, Defendant took an appeal. (D.I. 50). It is now pending in the Court of Appeals under case no. 21-1290. Thus, I do not have jurisdiction over the motion for reconsideration.

The Federal Rules of Criminal Procedure do give me the opportunity to make an "indicative ruling." Fed. R. Crim. P. 37(a).

The motion for reconsideration is based on the twin assertions that I stated the law incorrectly and that I misunderstood certain facts relating to aftercare treatment for an RDAP graduate. (D.I. 52 at 3-5 of 7).

On the first point, the background is this. I have been following a four-step procedure for resolving compassionate release motions. (D.I. 49 at 2). The third step, borrowed from a policy

statement of the Sentencing Guidelines, is an "absence of dangerousness." [1] I have not to date seen a precedential Third Circuit case addressing the absence of dangerousness component of the analysis. But, as Defendant points out, other courts of appeals that have analyzed the issue have overwhelmingly concluded that there is no "absence of dangerousness" step. The policy statement with the "absence of dangerousness" step is not an "applicable policy statement." *See, e.g., United States v. Aruda*, 993 F.3d 797, 801 (9th Cir. 2021) (per curiam) (citing the Second, Fourth, Sixth, Seventh, and Tenth Circuits as five other courts of appeals that have "unanimously" held that section 1B1.13 does not apply to compassionate release motions filed by defendants (as opposed to the Bureau of Prisons Director)).[2] I think it is likely the Third Circuit will come to the same conclusion as the other courts of appeals.

Thus, on this basis, at least, I would grant the motion for reconsideration if the Court of Appeals remanded for that purpose. I cannot say, however, what I would do upon reconsideration, only that I would follow a different analysis than the one that I followed in this case. I cannot say more than that, because it is possible circumstances have changed since I last addressed the issue in January. In particular, I would want an update on Defendant's medical status, including whether he has been vaccinated, and, if he has not, why he has not. I would consider whether the extraordinary and compelling circumstances that I previously found still exist. If they do, then I would analyze the issue using the § 3553(a) factors.

IT IS SO ORDERED this 4th day of May 2021.

/s/ Richard G. Andrews
United States District Judge

---

[1] The relevant language is, "the defendant is not a danger to the safety of any other person or to the community, as provided in [the bail statute]." U.S.S.G. § 1B1.13

[2] Recently, the Fifth Circuit also came to the same conclusion. *See United States v. Cooper*, 2021 WL 1661493, at *3 n.4 (5th Cir. Apr. 28, 2021).